Anthony T. LEE et al., Plaintiffs-Appellants,
United States of America, Plaintiff-Intervenor-Appellant,

v.

MACON COUNTY BOARD OF EDUCATION et al., Defendants,

Marengo County Board of Education, Defendants-Appellees.

No. 30504.

United States Court of Appeals,
Fifth Circuit.

June 14, 1971.

Charles S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., Robert Pressman, Atty., U. S. Dept. of Justice, Civil Rights Div., Washington, D. C., Solomon S. Seay, Jr., Montgomery, Ala., Jack Greenberg, New York City, for appellants.

Gordon Madison, Asst. Atty. Gen., State of Alabama, Montgomery, Ala., Hugh A. Lloyd, Demopolis, Ala., for appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

BY THE COURT:

The judgment of the District Court is vacated and the cause is remanded with direction that the District Court require the School Board forthwith to constitute and implement a student assignment plan that complies with the principles established in Swann v. Charlotte-Mecklenburg Board of Education, 1971, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554, insofar as they relate to the issues presented in this case.

The District Court is also directed to implement fully the uniform provisions of our decision in Singleton v. Jackson Municipal Separate School District (en banc), 5 Cir., 1970, 419 F.2d 1211; Id., 425 F.2d 1211, insofar as said uniform provisions relate to desegregation of faculty and other staff, majority to minority transfer policy, transportatio· school construction and site selection, and attendance outside system of residence. See also Carter v. West Feliciana Parish School Board, 5 Cir., 1970, 432 F. 2d 875.

The District Court shall require the School Board to file semiannual reports during the school year similar to those required in United States v. Hinds County School Board, 5 Cir., 1970, 433 F.2d 611, at 618–619.

The mandate shall issue forthwith.

Vacated and remanded with direction.